UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN THOMAS FALVEY,<br><br>  Plaintiff<br><br>v.<br><br>BARACK HUSSEIN OBAMA, et al.,<br><br>  Defendants | Case No.: 3:23-cv-00118-MMD -CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that this action be dismissed as a result of Plaintiff's failure to pay the filing fee or submitted an application to proceed *in forma pauperis* (IFP) and to file his updated contact information with the court.

## I. BACKGROUND

Plaintiff was an inmate in the Elko County Jail when he filed a pro se civil rights complaint. (ECF No. 1-1.) The complaint was not accompanied by the filing fee or an application to proceed IFP. On March 30, 2023, the court entered an order giving Plaintiff 30 days to pay the filing fee or file an IFP application. (ECF No. 2.) That order was returned as undeliverable with a notation that Plaintiff was not in custody.

On April 14, 2023, the court issued an order advising Plaintiff that under Local Rule IA 3-1, he must *immediately* file with the court written notification of any change of in contact information. Plaintiff was given until May 1, 2023, to file a notice of change of address. He was

cautioned that a failure to do so may result in dismissal of this action or the imposition of another appropriate sanction.

## II. DISCUSSION

Plaintiff has not timely filed a notice indicating his change in contact information; therefore, he is in violation of Local Rule IA 3-1 as well as the court's prior order. He has not paid the filing fee, filed an IFP application, or otherwise indicated an intent to continue prosecuting this action.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b) as well as Local Rule IA 3-1.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and administratively closing this case.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 10, 2023

_____
Craig S. Denney
United States Magistrate Judge